```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DORCAS HOLMES,                  :
    Plaintiff
                               :

    vs.                         :    CIVIL NO. 1:CV-08-0910

PAUL OKUM,                      :
PATRICIA COMPTON, and
JACKIE NOBLE,                   :
    Defendants

*M E M O R A N D U M*

I.   *Introduction*

       Plaintiff, Dorcas Holmes, has filed a *Bivens* action.[1] She is a federal employee working for the Defense Logistics Agency.  The three defendants, Paul Okum, Patricia Compton, and Jackie Noble, were her supervisors at various times.  She alleges the defendants violated the First Amendment by retaliating against her for complaining about how the agency has been run by management officials, including the defendants.

       We are considering the defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  The defendants argue that Plaintiff's claim is foreclosed by *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), which holds that a federal employee cannot pursue a *Bivens*

---

[1] *See Bivens v. Six Unknown Named Agents Of Federal Narcotics Bureau*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

action for money damages when the employee has a civil-service remedy available.

To be successful on a Rule 12(c) motion, the moving party must establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008)(quoted case omitted). "[W]e must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quoted case omitted). For the reasons stated below, we will grant the motion.[2]

II. *Background*

The complaint alleges the following. Defendants, Paul Okum, Patricia Compton, and Jackie Noble are employees of the Defense Logistics Agency in New Cumberland, Pennsylvania. (Compl. ¶¶ 2-4). During the relevant time periods, each Defendant was Plaintiff's supervisor. *Id.* Plaintiff complained about mismanagement and malfeasance by management officials at the agency, including the defendants. (*Id.* ¶¶ 7-9). This management misconduct included racially discriminatory and

---

[2] In doing so, we need not address the defendants' two other arguments for dismissal; that in the alternative, Title VII, 42 U.S.C. §§ 2000e et seq., provides the exclusive remedy; and that claim preclusion bars the action because Plaintiff had litigated a previous case on the same claim.

retaliatory practices which have "kept [Plaintiff] stagnant in her career despite her qualifications . . . ." (*Id.* ¶ 7). As a result of Plaintiff's complaints, the defendants retaliated against her, denying her "educational and training opportunities" and "promotional opportunities." (*Id.*, ¶ 9). They also subjected her "to degrading and humiliating working conditions." (*Id.*).

Plaintiff's prayer for relief requests compensatory and punitive damages, "together with appropriate affirmative injunctive relief and such other legal and/or equitable relief as is just."

III. *Discussion*

As noted, the defendants argue that Plaintiff's *Bivens* claim is barred by *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (1983). In *Bush*, the Supreme Court declined to create a *Bivens* action for money damages for a federal employee who had recourse to civil-service remedies provided by statute and regulations. *Id.* at 368, 103 S.Ct. at 2406. The Court concluded that in the circumstances presented, "it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy," *id.*, 103 S.Ct. at 2406, reasoning that "Congress is in a better position to decide whether or not the public interest would be served by creating" a right to money damages. *Id.* at 390, 103 S.Ct. at 2417. It

3

made this decision even on the assumption that "Congress has provided a less than complete remedy for the wrong." *Id.* at 373, 103 S.Ct. at 2409.

*Bush* requires us to dismiss Plaintiff's *Bivens* action because she has a civil-service remedy for the alleged misconduct of the defendants. A "prohibited personnel practice," 5 U.S.C. § 2302(a)(1), is defined in 5 U.S.C. § 2302(b). In part, a prohibited personnel practice occurs when an executive-agency employee with authority takes, or fails to take, any "personnel action" against another employee because that other employee has disclosed reasonably held information that there has been gross mismanagement or abuse of authority. 5 U.S.C. § 2302(b)(8)(A)(ii). As relevant here, a "personnel action" includes decisions pertaining to promotions, training, or a change in working conditions. 5 U.S.C. § 2302(a)(2)(ii), (ix), and (xi).

The Office of Special Counsel is delegated the task of receiving, investigating, and evaluating claims of "prohibited personnel practices." 5 U.S.C. §§ 1212(a)(2); 5 C.F.R. § 1800.1. If the Special Counsel determines that an employee has committed a prohibited personnel practice, the Special Counsel must submit a complaint to the Merit Systems Protection Board, which is responsible for deciding the dispute. *See* 5 U.S.C. § 1215(a)(1)(A).

This remedial scheme covers the retaliatory claims Plaintiff makes in this litigation. It follows that Bush precludes her *Bivens* action. *See also Venesevich v. Leonard*, No. 07-2118, 2008 WL 5340182 (M.D. Pa. Dec. 19, 2008)(relying on *Bush* to dismiss a First Amendment retaliation claim involving harassing treatment at work because the plaintiff had an adequate civil-service remedy).

In dismissing this action, we recognize that in *Mitchum v. Hurt,* 73 F.3d 30 (3rd Cir. 1995), the Third Circuit held that *Bush* does not preclude a *Bivens* action seeking equitable relief. *Id.* at 36. We also recognize that Plaintiff's prayer for relief sought not just damages but also "appropriate affirmative injunctive relief and such other legal and/or equitable relief as is just." While this is boilerplate, boilerplate can sometimes support the conclusion that a plaintiff is seeking equitable relief. *See*, *e.g.*, *Frazier v. Simmons*, 254 F.3d 1247, 1254-55 (10th Cir. 2001). Nonetheless, we decline to apply *Mitchum* here for the reason that Plaintiff has failed to argue that she is seeking any kind of specific equitable relief. In the absence of any attempt on her part to show that this case presents a substantive claim for equitable relief, we see no reason why it should continue.[3]

---

[3] The only arguments Plaintiff made in opposition to judgment on the pleadings were: (1) *Bush* "is an anachronism and does not reflect the current climate"; (2) unlike the plaintiff in *Bush*, she is not asking for the creation of a new remedy but is merely pursuing a

5

   We will issue an appropriate order.

          <u>/s/William W. Caldwell</u>
          William W. Caldwell
          United States District Judge

Date: March 6, 2009

---

long-recognized First Amendment claim; and (3) civil-service remedies do not supplant the right to have access to a federal court with the right to discovery and a jury trial.  (Doc. 19, p. 2).

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DORCAS HOLMES,                    :
     Plaintiff
                                  :

     vs.                          :   CIVIL NO. 1:CV-08-0910

PAUL OKUM,                        :
PATRICIA COMPTON, and
JACKIE NOBLE,                     :
     Defendants
```

*O R D E R*

AND NOW, this 6th day of March, 2009, it is ordered that:

    1. The defendants' motion (doc. 13) for judgment on the pleadings is granted.

    2. The Clerk of Court shall enter judgment in favor of the defendants and against Plaintiff and close this file.


                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge